UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

AKO K. BURRELL,

                        Plaintiff,

      v.                                        9:19-CV-1629
                                                        (TJM/ATB)

ROBERT MACIOL; et al.,

                        Defendants.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| AKO K. BURRELL<br>17-B-2994<br>Plaintiff, pro se<br>Clinton Correctional Facility<br>P.O. Box 2000<br>Dannemora, NY 12929 | |
| KERNAN PROFESSIONAL GROUP, LLP<br>Counsel for Defendants Maciol,<br>Swenszkowski, and Pfliger<br>1310 Utica Street<br>P.O. Box 750<br>Oriskany, NY 13424 | DAVID A. BAGLEY, ESQ. |
| STEINBERG, SYMER & PLATT, LLP<br>Counsel for Defendant Correctional Medical Care<br>22 IBM Road, Suite 201<br>Poughkeepsie, NY 12601 | JONATHAN E. SYMER, ESQ. |
| MARSHAL DENNEHEY WARNER COLEMAN<br>& GOGGIN<br>Counsel for Defendant Trinity Food Service Group, Inc.<br>717 State Street, Suite 701<br>Erie, PA 16501 | PATRICK M. CAREY, ESQ.<br>HAROLD L. MOROKNEK, ESQ. |

THOMAS J. McAVOY
Senior United States District Judge

**DECISION and ORDER**

## I.  INTRODUCTION

Plaintiff Ako K. Burrell commenced this civil rights action in December 2019, asserting numerous claims arising out of his confinement at Oneida County Jail.

Currently before the Court for consideration is plaintiff's motion seeking default judgment against the defendants, as well as a letter request seeking assistance in serving two of the defendants.  Dkt. Nos. 68, 70.

## II.  DISCUSSION

Upon review of plaintiff's complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A(b), the Court concluded that plaintiff's Fourteenth Amendment conditions of confinement claims asserted against defendant Trinity Food Service Group, Inc. ("Trinity") and defendant John Doe required a response.  Dkt. No. 4.[1]  Plaintiff filed a timely motion to amend, Dkt. No. 36, which was granted, in part, in a Decision and Order issued on March 10, 2021.  Dkt. No. 41 ("March Order").  As relevant to the currently pending motion for default, in the March Order, the Court directed summonses be issued for, and service effectuated upon, the new defendants, including defendant Sowers,[2] Correctional Medical Care ("CMC"), Maciol, Swenszkowski, and Pfliger.  *Id.* at 13.

Defendant Trinity answered plaintiff's amended complaint on March 24, 2021.  Dkt. No. 44.  Defendants Maciol, Swenszkowski, and Pfliger waived service of the summons on April 5, 2021, and thereafter filed a motion for summary judgment dismissing the claims asserted against them in lieu of an answer.  Dkt. Nos. 47-50.  The Court stayed the deadline to answer

---

[1]  Plaintiff was granted leave to proceed with this action in forma pauperis.  Dkt. No. 4 at 2.

[2]  Defendant Sowers is the "John Doe" defendant identified in the original complaint.

2

the amended complaint for defendants Maciol, Swenszkowski, and Pfliger until after the Court resolves the pending motion for summary judgment.  Dkt. No. 58.  As for defendants Sowers and CMC, the summonses were returned to the Court unexecuted on May 11, 2021.  Dkt. No. 64.  The Court reissued a summons for defendant Sowers on May 14, 2021, and for defendant CMC on May 19, 2021.  Dkt. No. 65, 66.  On June 9, 2021, a notice of appearance was filed on behalf of CMC by Jonathan Symer, Esq.  Dkt. No. 69.

By his motion, plaintiff contends that defendants have failed to timely acknowledge service of process and respond to the amended complaint.  *See* Dkt. No. 68 at 1.  Plaintiff notes that two insurance companies providing CMC coverage sent him copies of letters addressed to CMC reflecting that plaintiff filed this lawsuit.  *Id.* at 1, 18-19, 20-21.

Rule 55(a) of the Federal Rules of Civil Procedure provides that when a party has failed to plead or otherwise defend an action "and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a); *see Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981) ("The procedural steps contemplated by the Federal Rules of Civil Procedure following a defendant's failure to plead or defend as required by the Rules begin with the entry of a default by the clerk upon a plaintiff's request.").

Upon review of the docket it is clear that none of the defendants in this action are in default.  As explained above, defendant Trinity filed an answer to the amended complaint; defendants Maciol, Swenszkowski, and Pfliger were granted a stay of the deadline to answer the amended complaint until after the Court decides their pending motion for summary judgment; defendant Sowers has not yet been served with process; and defendant CMC has appeared through counsel only recently on June 9, 2021.  The letters plaintiff received from two insurance companies providing coverage to defendant CMC are not proof of service upon

that defendant. Plaintiff's motion for default is therefore denied.

In light of the Court's recent reissuance of the summonses for defendants CMC and Sowers, and the recent appearance filed on behalf of defendant CMC, plaintiff's additional request for assistance effectuating service upon defendants Sowers and CMC, Dkt. No. 70, is denied as unnecessary.

### III.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion seeking default judgment against the defendants (Dkt. No. 68) is **DENIED**; and it is further

**ORDERED** that plaintiff's letter motion requesting assistance effectuating service of process upon defendants CMC and Sowers (Dkt. No. 70) is **DENIED**; and it is

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

**DATED:** June 11, 2021

Thomas J. McAvoy
Senior, U.S. District Judge