UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

AKO K. BURRELL,

                            Plaintiff,

     v.                                        9:19-CV-1629 (TJM/ATB)

ROBERT MACIOL; et al.,

                            Defendants.

---

APPEARANCES:                                    OF COUNSEL:

AKO K. BURRELL
17-B-2994
Plaintiff, pro se
Clinton Correctional Facility
P.O. Box 2000
Dannemora, NY 12929

KERNAN PROFESSIONAL GROUP, LLP      DAVID A. BAGLEY, ESQ.
Counsel for Defendants Maciol,
Swenszkowski, and Pfliger
1310 Utica Street
P.O. Box 750
Oriskany, NY 13424

STEINBERG, SYMER & PLATT, LLP        JONATHAN E. SYMER, ESQ.
Counsel for Defendant Correctional Medical Care
22 IBM Road, Suite 201
Poughkeepsie, NY 12601

MARSHAL DENNEHEY WARNER COLEMAN      PATRICK M. CAREY, ESQ.
& GOGGIN                                        HAROLD L. MOROKNEK, ESQ.
Counsel for Defendant Trinity Food Service Group, Inc.
717 State Street, Suite 701
Erie, PA 16501

THOMAS J. McAVOY
Senior United States District Judge

## AMENDED DECISION AND ORDER[1]

**I.   INTRODUCTION**

Plaintiff Ako K. Burrell commenced this civil rights action in December 2019, asserting numerous claims arising out of his confinement at Oneida County Jail.

Currently before the Court for consideration is plaintiff's motion seeking default judgment against the defendants, as well as a letter request seeking assistance in serving two of the defendants.  Dkt. Nos. 68, 70.

**II.   DISCUSSION**

Upon review of plaintiff's complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A(b), the Court concluded that plaintiff's Fourteenth Amendment conditions of confinement claims asserted against defendant Trinity Food Service Group, Inc. ("Trinity") and defendant John Doe required a response.  Dkt. No. 4.[2]  Plaintiff filed a timely motion to amend, Dkt. No. 36, which was granted, in part, in a Decision and Order issued on March 10, 2021.  Dkt. No. 41 ("March Order").  As relevant to the currently pending motion for default, in the March Order, the Court directed summonses be issued for, and service effectuated upon, the new defendants, including defendant Sowers,[3] Correctional Medical Care ("CMC"), Maciol, Swenszkowski, and Pfliger.  *Id.* at 13.

Defendant Trinity answered plaintiff's amended complaint on March 24, 2021.  Dkt. No. 44.  Defendants Maciol, Swenszkowski, and Pfliger waived service of the summons on

---

[1] The Court issued a prior version of this Decision and Order on June 11, 2021. At that time, the Court had not yet received certain documents related to service of process on defendants Sowers and Correctional Medical Care. This Amended Decision and Order takes into account the new information received by the Court. This Amended Decision and Order supersedes the prior Decision and Order.

[2] Plaintiff was granted leave to proceed with this action in forma pauperis.  Dkt. No. 4 at 2.

[3] Defendant Sowers is the "John Doe" defendant identified in the original complaint.

April 5, 2021, and thereafter filed a motion for summary judgment dismissing the claims asserted against them in lieu of an answer. Dkt. Nos. 47-50. The Court stayed the deadline to answer the amended complaint for defendants Maciol, Swenszkowski, and Pfliger until after the Court resolves the pending motion for summary judgment. Dkt. No. 58. As for defendants Sowers, service upon that individual has not yet been effectuated. Dkt. No. 73. Defendant CMC was served with process on May 28, 2011, Dkt. No. 74, and on June 9, 2021, a notice of appearance was filed on behalf of CMC by Jonathan Symer, Esq., Dkt. No. 69.

By his motion, plaintiff contends that defendants have failed to timely acknowledge service of process and respond to the amended complaint. *See* Dkt. No. 68 at 1.

Rule 55(a) of the Federal Rules of Civil Procedure provides that when a party has failed to plead or otherwise defend an action "and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a); *see Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981) ("The procedural steps contemplated by the Federal Rules of Civil Procedure following a defendant's failure to plead or defend as required by the Rules begin with the entry of a default by the clerk upon a plaintiff's request.").

Upon review of the docket it is clear that none of the defendants in this action are in default. As explained above, defendant Trinity filed an answer to the amended complaint; defendants Maciol, Swenszkowski, and Pfliger were granted a stay of the deadline to answer the amended complaint until after the Court decides their pending motion for summary judgment; defendant Sowers has not yet been served with process; and defendant CMC's response to the amended complaint is not due until July 27, 2021 (60 days after service of the amended complaint).

In light of the fact that defendant CMC has now been served, *see* Dkt. No. 74, plaintiff's request for assistance effectuating service upon that defendant, Dkt. No. 70, is denied, in part, as unnecessary. Plaintiff's motion is granted, in part, however, with respect to defendant Sowers, whose summons was again returned to the Court unexecuted on June 11, 2021. Dkt. No. 73. Accordingly, the Clerk of the Court is respectfully directed to re-issue a summons for defendant Sowers and forward it, along with the amended complaint, to the United States Marshal Service for service upon defendant Sowers using Trinity's address (because, according to counsel for defendant Trinity, defendant Sowers is an employee of Trinity, *see* Dkt. No. 37 at 2).

### III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion seeking default judgment against the defendants (Dkt. No. 68) is **DENIED**; and it is further

**ORDERED** that plaintiff's letter motion requesting assistance effectuating service of process upon defendants CMC and Sowers (Dkt. No. 70) is **GRANTED, in part, and DENIED, in part**; and it is further

**ORDERED** that the Clerk re-issue a summons for defendant Sowers and forward it, along with a copy of the amended complaint, to the United States Marshal Service for service upon defendant Sowers using the following address: Trinity Food Service Group Incorporated, 477 Commerce Boulevard, Oldsmar, FL 34677; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

**DATED:** June 14, 2021

Thomas J. McAvoy
Senior, U.S. District Judge