UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

AKO BURRELL,

                         Plaintiff,

   v.                                           9:19-CV-1629
                                                                    (TJM/ATB)

ROBERT MACIOL, et. al.,

                         Defendants.

---

AKO BURRELL, Plaintiff pro se
DAVID A. BAGLEY, ESQ., for Defendants Maciol, Swenszkowski, and Pfliger
JONATHAN E. SYMER, ESQ., for Defendant Correctional Medical Care
PATRICK M. CAREY, ESQ., for Defendant Trinity Food Service Group Incorporated

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

Presently before the court is the motion for summary judgment of defendants Robert Maciol, Robert Swenszkowski, and Gregory Pfliger (collectively "the County Defendants"). (Dkt. No. 50). The pro se plaintiff has filed a response in opposition to the motion (Dkt. No. 67), and the County Defendants have filed a reply (Dkt. No. 71). This matter has been referred to me for Report and Recommendation by the Honorable Thomas J. McAvoy, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).

In this civil rights action, the following claims remain: (1) a Fourteenth Amendment conditions of confinement claim arising from allegations that plaintiff was served a calorically deficient diet at Oneida County Jail, against defendants Trinity Food Service Group Incorporated ("Trinity"), Jennifer Sowers, and Correctional Medical Care ("CMC"); and (2) a Fourteenth Amendment conditions of confinement

claim arising from allegations that defendants Maciol, Swenszkowski, and Pfliger knew of and were responsible for the rotten food served and unsanitary conditions at Oneida County Jail. (3/10/2021 Decision and Order at 13, Dkt. No. 41; Amended Compl., Dkt. No. 42). The County Defendants, officials of the Oneida County Sheriff's Office, contend that the claims against them in this action should be dismissed because plaintiff, in settling two prior civil rights actions involving Oneida County, executed a general release that encompasses those claims. Although plaintiff acknowledges that he signed the general release, he argues that it should not be enforced in this action because it is ambiguous and because it was obtained through fraud and duress. The court concludes that the general release unambiguously applies to the claims against the County Defendants in this case and that plaintiff's unsupported claims of fraud and duress are not sufficient to prevent the enforcement of the release and the dismissal of those claims.

## DISCUSSION

### I. Background

Plaintiff initiated this action on December 30, 2019, by filing a civil rights complaint against 17 defendants, including defendants Maciol, Swenszkowski, and Pfliger. (Compl., Dkt. No. 1). On February 25, 2020, Judge McAvoy, upon initial review of plaintiff's complaint, dismissed all claims and defendants except for plaintiff's Fourteenth Amendment conditions of confinement claims asserted against defendants "John Doe" and Trinity arising from allegations that plaintiff was served a calorically deficient diet during his one-year confinement in Oneida County Jail.

(2/25/2020 Decision and Order at 17-18, Dkt. No. 4). On December 7, 2020, plaintiff filed a motion to amend his complaint (Dkt. No. 36), which was granted in part on March 10, 2021 (Dkt. No. 41), allowing, *inter alia*, a Fourteenth Amendment conditions of confinement claim against defendants Maciol, Swenszkowski, and Pfliger to go forward. Those County Defendants were not served in connection with this action until on or about March 30, 2021. (*See* Dkt. Nos. 46-49). Their motion for summary judgment was filed on April 14, 2021. (Dkt. No. 50).

In late January 2020, plaintiff, proceeding pro se, had settled two other actions he brought against various officials involved with the Oneida County Jail, including defendants Maciol, Swenszkowski, and Pfliger. (Case No. 9:17-CV-906 (LEK/TWD), Dkt. Nos. 58-61; Case No. 9:19-CV-160 (TJM/DJS), Dkt. Nos. 32-35). On February 7, 2020, plaintiff executed a general release in favor of Oneida County and numerous officials of the county, including defendants Maciol, Swenszkowski, and Pfliger, in return for consideration of $10,000. (Dkt. No. 50-2). The "General Release of Claims" released the releasees

> . . . from any and all causes or rights of action, suits, actions, claims, or damages whatsoever which the undersigned Releasor has, ever had, or may have arising out of any actions, inactions, conduct, decisions, behavior, or events occurring on or before the date of this Release of Claims, including, but not limited to, any such claims arising out of Releasees' activities in regard to Releasor which were asserted, or could have been asserted, in the actions entitled Burrell v. Rothdeiner et al., Civil Action No. 9:l7-cv-00906 and Burrell v. Maciol et al., Civil Action No. 9:19-cv-00160, in the United States District Court for the Northern District of New York, in which Releasor is Plaintiff, alleging claims inter alia under 42 U.S.C. § 1983, including without limitation claims for damages, costs, and attorney's fees.

(Ex. A to County Defendants' Summary Judgement Motion, Dkt. No. 50-2). Plaintiff

3

admits that he signed the release on February 7, 2020. (Statement of Material Facts "SOMF," ¶ 3, Dkt. No. 50-4 at 1; Pl.'s Response to SOMF, ¶ 3, Dkt. No. 67 at 6).

## II.     Legal Standards

### A.    Summary Judgment

Summary judgment is appropriate where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Salahuddin v. Goord*, 467 F.3d 263, 272-73 (2d Cir. 2006). "Only disputes over ["material"] facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment. *Gallo v. Prudential Residential Servs.*, 22 F.3d 1219, 1224 (2d Cir. 1994).

The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, the nonmoving party must move forward with specific facts showing that there is a genuine issue for trial. *Salahuddin v. Goord*, 467 F.3d at 273. In that context, the nonmoving party must do more than "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In determining whether there is a genuine issue of material fact, a court must resolve all ambiguities, and draw all

inferences, against the movant. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Salahuddin*, 467 F.3d at 272.

  **B.** **General Releases**[1]

  "[G]eneral releases are governed by principles of contract law." *Albany Savings Bank, FSB v. Halpin*, 117 F.3d 669, 672 (2d Cir. 1997). This rule applies even in cases involving pro se plaintiffs. *Duran v. J.C. Refinishing Contracting Corp.*, 421 F. App'x 20, 21 (2d Cir. 2011). Under New York law, "[w]here the language of a release is clear, effect must be given to the intent of the parties as indicated by the language employed." *Tromp v. City of N.Y.*, 465 F. App'x 50, 51 (2d Cir. 2012). "Under New York law, the construction of an unambiguous contract is a matter of law, appropriate for summary judgment resolution." *Robinson v. Pierce*, No. 11 CIV. 5516, 2012 WL 833221, at *5 (S.D.N.Y. Mar. 13, 2012) (collecting cases).

  "[A] release is binding on the parties absent a showing of fraud, duress, undue influence, or some other valid legal defense." *Davis & Assocs., Inc. v. Health Mgmt. Servs., Inc.*, 168 F. Supp. 2d 109, 113 (S.D.N.Y. 2001). "A plaintiff seeking to invalidate a release due to fraudulent inducement must 'establish the basic elements of fraud, namely a representation of material fact, the falsity of that representation, knowledge by the party who made the representation that it was false when made, justifiable reliance by the plaintiff, and resulting injury.'" *Robinson v. Pierce*, 2012 WL 833221, at *7 (quoting *Centro Empresarial Cempresa S.A. v. América Móvil, S.A.B. de C.V.*, 17 N.Y.3d 269, 276 (2011)).

---

[1] This summary of the applicable law quotes liberally from *Swinson v. City of New York*, No. 12 CIV. 6080, 2015 WL 873390, at *2-3 (S.D.N.Y. Feb. 11, 2015).

5

**III. <u>Analysis</u>**

Plaintiff's submissions argue, in a conclusory and somewhat unclear fashion: (1) that the general release contained ambiguous and deceptive language; (2) that its language was inconsistent with written communications, which plaintiff no longer had, by which opposing counsel allegedly agreed that the release would only apply to the two settled actions explicitly referenced in the release; and (3) that the release was procured through fraud while plaintiff was under duress. (Dkt. No. 67). Plaintiff attempts to bolster these arguments through extrinsic evidence for which he offers no independent factual support. Authority in this Circuit, most recently, *Fontanez v. Sanchez*, No. 19-1735, __ F. App'x __, 2021 WL 3556932 (2d Cir. Aug. 12, 2021), demonstrates that plaintiff's arguments are insufficient to prevent the enforcement of the unambiguous general release executed by plaintiff to dismiss the claims against the County Defendants in this action.

Fontanez, proceeding pro se, sued numerous correction officials, alleging violations of his civil rights while detained at Rikers Island between August 13, 2016, and the date he filed his complaint (February 23, 2018). On August 6, 2018, Fontanez signed a general release, settling a prior action alleging other violations of his civil rights at Rikers Island. That general release provided, as relevant, that "'in consideration of the payment of [$200],'" Fontanez released the defendants in the prior action, the City and its employees, officers, or agents, and any entity represented by the Corporation Counsel from any liability for any civil rights violation that arose prior to

6

signing the release.² Upon a defense motion, the district court dismissed the complaint, reasoning that the language of the prior release was clear and unambiguous, encompassed the civil rights claims against the defendants in the instant complaint, and discharged them from liability. *Fontanez v. Sanchez*, 2021 WL 3556932, at *1.

On appeal, Fontanez argued that the prior release was ambiguous and alleged that defense counsel in the prior case told him that the release only applied to the claims in that case. He also contended that he was subjected to duress, fraud, and undue influence when he signed the prior release because he was not represented by an attorney, he was asked to sign the agreement promptly, and he suffered from serious mental illness. *Id.* at *2. As discussed further below, the Second Circuit held that the district court properly dismissed Fontanez's complaint because the release was unambiguous and Fontanez's arguments that the release should not be enforced were meritless. *Id.* at *1-2.

Notwithstanding plaintiff Burrell's conclusory argument to the contrary, the general release he executed is clear and unambiguous. It releases the County Defendants by name, among others, from all causes of action and claims arising from conduct of the releasees on or before the February 7, 2020 date of the release, "including, but not limited" to any such claims that which were or could have been asserted in the two actions which plaintiff settled with Oneida County. (Ex. A, Dkt. No. 50-2). The complaint in this action was first filed on December 30, 2019, so it clearly asserted claims that accrued before the date of the release. Plaintiff claims that

---

² The release also provided that it could not be changed orally, and that Fontanez read the release and fully understood it. *Id.* at *1.

Attorney Bagley knew of this action at the time of the settlement negotiations of the other actions and the execution of the release, which counsel denies.[3] In any event, plaintiff knew about this action when he signed the release and he agreed to release all claims based on conduct prior to the date of the release, "including, but not limited to" the claims in the two prior actions. *See Fontanez v. Sanchez*, 2021 WL 3556932, at *2 (plaintiff's argument that he thought the release applied only to a different action does not aid him because the terms of the agreement unambiguously and explicitly released the City and its employees "'from any and all liability, claims, or rights of action alleging a violation of [his] civil rights'").

Plaintiff's attempt to marshal extrinsic evidence to vary the unambiguous terms of the general release–such as claims that Attorney Bagley assured him that the release only applied to the two prior cases they settled–does not support his efforts to avoid the application of the release in this action.[4] *See id.* (Fontanez's argument that the defense counsel in the case plaintiff settled told him that the release only applied to the claims in that case, is unavailing because the text of the release prohibited oral amendments,

---

[3] As noted, the claims against the County Defendants were dismissed sua sponte before the complaint was served on them, and they were not served until March 2021, after plaintiff was permitted to amend his claims against them.

[4] Plaintiff makes numerous other unsupported factual claims regarding the negotiation of the prior release that are contested by the County Defendants and their attorney. However, these factual disputes are not material to the resolution of the summary judgment, because they involve extrinsic evidence that should not be considered to vary the terms of the unambiguous release. Also, as noted below, even if plaintiff's allegations of misrepresentation by Attorney Bagley were otherwise material, *e.g.,* to support a claim of fraudulent inducement, plaintiff could not establish reasonable reliance on any such misrepresentation given the unambiguous language in the release, and thus could not persuade any rational fact finder that there was fraudulent inducement.

and New York's parol evidence rule generally bars admission of extrinsic evidence to vary or contradict the terms of a fully integrated writing like the release at issue here); *Mateo v. Carinha*, 799 F. App'x 51, 54 (2d Cir. 2020) ("[t]he language of the notably broad General Release is clear on its face.  In such cases, courts should generally interpret the contract without reference to extrinsic evidence.").  Plaintiff's conclusory allegations of fraud and duress are also insufficient to overcome the clear language of the general release.  *See Fontanez v. Sanchez*, 2021 WL 3556932, at *2 (Fontanez's claims of duress, fraud, and undue influence when he signed the release are "conclusory and meritless.") (collecting cases); *Consorcio Prodipe, S.A. de C.V. v. Vinci, S.A.*, 544 F. Supp. 2d 178, 189 (S.D.N.Y. 2008) ("Although a release may be ineffectual if it is shown to have been procured by fraud or duress, conclusory allegations of fraudulent inducement are insufficient to overcome a release's unambiguous language.").[5]

A plaintiff seeking to invalidate a release due to fraudulent inducement must demonstrate that his reliance upon alleged misrepresentations was reasonable. *Robinson v. Pierce*, 2012 WL 833221, at *7.  Even if Attorney Bagley had misrepresented the scope of the general release, which this court is not finding, it would have been unreasonable for plaintiff to rely on such representations given the unambiguous terms of the release.  *See, e.g.*, *Robinson v. Pierce*, 2012 WL 833221, at

---

[5] Plaintiff may also be arguing that the release should not be applied in this action because the $10,000 settlement amount was not paid directly to him, but to another person.  (Pl.'s Statement of Undisputed Facts, ¶ 13, Dkt. No. 67 at 7).  However, plaintiff concedes that the settlement proceeds were paid to Gary Foreman III, at plaintiff's direction.  (*Id.* ¶ 11; Pl.'s Decl., ¶ 6, Dkt. No. 67 at 11).  The general release does not recite that the $10,000 was paid directly to plaintiff, but only states that "receipt and sufficiency of [the funds] are hereby acknowledged." (Ex. A, Dkt. No. 50-2).

9

*7 (assuming arguendo that one of the defense lawyers did misrepresent the scope of the release the pro se plaintiff executed in a prior action, plaintiff's reliance would be unreasonable as a matter of law given the unambiguous terms of the release and a related stipulation); *Swinson v. City of New York*, 2015 WL 873390, at *3 (pro se plaintiff cannot show that he reasonably relied upon an alleged misrepresentation of counsel that was clearly inconsistent with the unambiguous general release that he agreed to).

The fact that plaintiff Burrell, who has pursued at least four other civil rights actions in this district,[6] was an experienced and sophisticated pro se litigant, further demonstrates that he could not reasonably rely on any misrepresentation about the scope of the release he signed, given its clear language. *Jeffers v. New York*, No. 14-CV-5659, 2014 WL 6675676, at *1 (E.D.N.Y. Nov. 25, 2014) (plaintiff, although pro se at the time he signed the general release, is an experienced and sophisticated pro se litigant, one factor that the court could considered in deciding whether to enforce the release); *Duran v. J.C. Refinishing Contracting Corp.*, 421 F. App'x at 22. Just like the pro se plaintiff in *Fontanez*, plaintiff Burrell, "reaped the benefits of the settlement but seeks to avoid its consequences." *Fontanez v. Sanchez*, 2021 WL 3556932, at *2.[7]

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that County Defendants' summary judgment motion (Dkt.

---

[6] *See* N.D.N.Y. Case Nos. 9:14-CV-200 (BKS/RFT); 9:17-CV-906 (LEK/TWD); 9:19-CV-160 (TJM/DJS); 9:20-CV-305 (BKS/CFH).

[7] As noted above, plaintiff Burrell's general release was induced by a payment of $10,000, considerably more than the $200 received by plaintiff Fontanez to settle his claims.

No. 50) be **GRANTED** and the complaint **DISMISSED IN ITS ENTIRETY** as to defendants Robert Maciol, Robert Swenszkowski, and Gregory Pfliger.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: August 23, 2021

_____
Andrew T. Baxter
U.S. Magistrate Judge