**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**AKO BURRELL,**

                         **Plaintiff,**

    v.                                                **9:19-CV-1629**
                                                         **(TJM/ATB)**

**ROBERT MACIOL,** *et al.*,

                         **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION and ORDER

**I.      INTRODUCTION**

      This pro se action brought pursuant to 42 U.S.C. § 1983 was referred to the Hon. Andrew T. Baxter, United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).  In his August 23, 2021 Report-Recommendation, Judge Baxter recommends that the County Defendants' summary judgment motion (Dkt. No. 50) be GRANTED and the complaint DISMISSED IN ITS ENTIRETY as to defendants Robert Maciol, Robert Swenszkowski, and Gregory Pfliger. *See* Rep-Rec., Dkt. No. 95.  The basis for Judge Baxter's recommendation is that plaintiff, in settling two other civil rights actions involving Oneida County and numerous officials of the county including defendants Maciol, Swenszkowski, and Pfliger, in return for consideration of $10,000, executed a general release on February 7, 2020 that released the releasees

1

> . . . from any and all causes or rights of action, suits, actions, claims, or damages whatsoever which the undersigned Releasor has, ever had, or may have arising out of any actions, inactions, conduct, decisions, behavior, or events occurring on or before the date of this Release of Claims, including, but not limited to, any such claims arising out of Releasees' activities in regard to Releasor which were asserted, or could have been asserted, in the actions entitled Burrell v. Rothdeiner et al., Civil Action No. 9:l7-cv-00906 and Burrell v. Maciol et al., Civil Action No. 9:19-cv-00160, in the United States District Court for the Northern District of New York, in which Releasor is Plaintiff, alleging claims inter alia under 42 U.S.C. § 1983, including without limitation claims for damages, costs, and attorney's fees.

Rep. Rec. at 3 (quoting Ex. A to County Defendants' Summary Judgement Motion, Dkt. No. 50-2). Judge Baxter found that because the complaint in this action was first filed on December 30, 2019, "it clearly asserted claims that accrued before the date of the release." *Id.* at 7. Judge Baxter then proceeded to review plaintiff's arguments for why the general release should not apply to the instant action, and found them to be without merit. *See id.* at 7-10. Plaintiff has filed objections to Judge Baxter's recommendation that the claims against defendants Robert Maciol, Robert Swenszkowski, and Gregory Pfliger be dismissed. *See* Dkt. 112.

## II.   STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, general or conclusory objections, or objections that merely recite the same arguments presented to the magistrate judge, are reviewed for clear error. *Farid v. Bouey*, 554 F. Supp. 2d 301, 306 n. 2 (N.D.N.Y. 2008); *see Fisher v. Miller*, No. 9:16-CV-1175 (GTS/ATB), 2018 WL 3854000, at *3 (N.D.N.Y. Aug. 14, 2018)("[W]hen an objection

2

merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review."); *Alaimo v. Bd. of Educ.*, 650 F. Supp. 2d 289, 291 (S.D.N.Y. 2009)(same); *Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 187 (E.D.N.Y. 2015)(same).

After reviewing the report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

### III. DISCUSSION

Generously construed, plaintiff argues that Judge Baxter's conclusions are in error because, to the extent the general release applies to the claims in the instant action, it was obtained by fraud or misrepresentation, and that Judge Baxter ignored potential evidence that would have established this fraud or misrepresentation. *See* Obj. at 2-3. In this regard, plaintiff contends that defense counsel, David A. Bagley, Esq., agreed in settlement discussions memorialized in a deposition transcript and correspondence in one of plaintiff's other cases that the general release would apply only to the two actions referenced in the release - although plaintiff concedes that he doe not have these documents. *See* Obj., p. 3. He contends that he wrote to the Court requesting that defense counsel produce these documents, but Judge Baxter granted summary judgment despite that plaintiff raised these issues in his Statement of Facts. *Id.* Plaintiff argues that because the court denied his request to require Attorney Bagley to produce these

3

documents, it was impossible for him to prove that the general release was obtained by fraud or misrepresentation by Attorney Bagley. *Id.* He contends that Judge Baxter's recommendation should be rejected because there is a question of fact as whether the general release applies to the instant action. Plaintiff's arguments are without merit.

Plaintiff's arguments are essentially the same that Judge Baxter addressed and rejected. *See* Rep. Rec. at 7-10. Thus, the objection could be overruled on the clear error standard, of which the Court finds none. Furthermore, conducting a *de novo* review of the matter, plaintiff's objection is overruled for the reasons stated by Judge Baxter in his Report-Recommendation at pages 7-10.

Plaintiff also objects on the grounds that he never received the $10,000 in settlement proceeds, thus making reliance on *Fontanez v. Sanchez*, No. 19-1735, 2021 WL 3556932 (2d Cir. Aug. 12, 2021), inappropriate. Obj. at p. 4. Plaintiff contends that because he did not receive the settlement proceeds, he did not reap any benefit from the general release. Judge Baxter addressed this issue, although in a footnote, writing:

> Plaintiff may also be arguing that the release should not be applied in this action because the $10,000 settlement amount was not paid directly to him, but to another person. (Pl.'s Statement of Undisputed Facts, ¶ 13, Dkt. No. 67 at 7). However, plaintiff concedes that the settlement proceeds were paid to Gary Foreman III, at plaintiff's direction. (*Id.* ¶ 11; Pl.'s Decl., ¶ 6, Dkt. No. 67 at 11). The general release does not recite that the $10,000 was paid directly to plaintiff, but only states that "receipt and sufficiency of [the funds] are hereby acknowledged." (Ex. A, Dkt. No. 50-2).

Rep. Rec. at 9, n. 5.

The Court has reviewed this issue de novo and finds that plaintiff admitted in his declaration that the $10,000 settlement proceeds were provided to Gary Foreman III at plaintiff's direction. *See* Pl.'s Decl., ¶¶ 6 & 10, Dkt. No. 67 at 11. Indeed, in his declaration

4

plaintiff asserts: "The Defendants [sic] attorney David A. Bagely [sic], transferred the $10,000.00 to GARY FOREMAN III on or about, March 2020,. [sic] As [sic] him [sic] and Plaintiff agreed too [sic], in written correspondence/settlement oconstruction [sic] . . . ." Pl.'s Decl., ¶ 10, Dkt. No. 67 at 11.  Thus, plaintiff's objection on the ground that Judge Baxter's recommendation should be rejected because plaintiff did not receive the $10,000 settlement proceeds is overruled.

### IV.     CONCLUSION

Accordingly, the Court **ACCEPTS** and **ADOPTS** Judge Baxter's August 23, 2021 Report-Recommendation (Dkt. No. 95) for the reasons stated therein. Therefore, it is hereby

**ORDERED** that the County Defendants' summary judgment motion (Dkt. No. 50) is **GRANTED** and the complaint is **DISMISSED IN ITS ENTIRETY** as to defendants Robert Maciol, Robert Swenszkowski, and Gregory Pfliger.

**IT IS SO ORDERED.**

Dated: March 23, 2022

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge