UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AKO BURRELL,

                              **Plaintiff,**

   v.                                                           **9:19-CV-1629
                                                                    (TJM/ATB)**

ROBERT MACIOL, *et al.*,

                             **Defendants.**
_____

**THOMAS J. McAVOY,
Senior United States District Judge**

## DECISION and ORDER

**I.    INTRODUCTION**

This pro se action brought pursuant to 42 U.S.C. § 1983 was referred to the Hon. Andrew T. Baxter, United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). In the relevant portions of the amended civil rights complaint, plaintiff alleges Fourteenth Amendment due process violations, allegedly committed by defendants Trinity Food Service Group Incorporated ("Trinity") and Jennifer Sowers relating to plaintiff's diet at Oneida Correctional Facility ("OCF") between October of 2016 and October of 2017. (Amended Complaint ("AC")) (Dkt. No. 42). After prior decisions on various motions, familiarity with which is presumed, Trinity and Sowers are the only defendants remaining in this action. Presently before the Court is a motion for summary judgment filed by these two defendants. (Dkt. Nos. 123, 145 (amended memorandum of law)). In his August 26, 2022 Report-Recommendation,

Judge Baxter recommends that the motion be granted and the amended complaint against both Trinity and Sowers be dismissed. *See* Report-Recommendation ("Rep. Rec."), Dkt. No. 154.  Judge Baxter's recommendation is based on two separate reasons.  One, that a general release plaintiff signed prevents him from bringing this action for inadequate food either against defendant Trinity or defendant Sowers, a Trinity employee. *See* Rep. Rec. at 9-18.  Two, that the claims against Trinity and Sowers fail on the merits. *See id.*, at 18-27.  Plaintiff filed objections to Judge Baxter's recommendations.

## II.     STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).   After reviewing the report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

## III.    DISCUSSION

The Court has carefully reviewed plaintiff's objections.[1]  For the reasons that follow, these objections are overruled.

To the extent plaintiff argues that he was unaware that the general release would be "used in [the defendants'] motion," the argument is belied by defendants' motion

---

[1] The Court notes that plaintiff's objections are disjointed in that they appear to omit sequentially numbered pages and/or paragraphs.  Nevertheless, the Court has carefully reviewed the document submitted as plaintiff's objections along with the attached exhibits.

2

papers. In both their memorandum of law and amended memorandum of law, defendants make the specific argument that the general release that plaintiff signed released defendants from the claims against them in this action. *See* Dkt. No. 123-2, at 11-12; Dkt. No. 145, at 11-12. Thus, plaintiff's objection in this regard is overruled.

To the extent plaintiff argues that the general release cannot be considered on the underlying motion because the defendants did not disclose in their January 28, 2022 supplemental disclosures that the general release would be a basis of defendants' defense, the argument is without merit. In their supplemental disclosures, defendants listed as documents or information known by the defendants to be relevant to their defenses to include "[a]ny document discovered or otherwise uncovered during the course of discovery," and "[a]ny document identified or produced by the plaintiff or any other party." *See* Dkt. No. 155, CM/ECF p.10. As Judge Baxter explained, plaintiff signed the general release on February 7, 2020 to settle two cases in return for consideration of $10,000, and the general release was applied in this case to dismiss claims against other defendants. *See* Rep. Rec. at 2, 10-14. In fact, plaintiff has appealed to the Second Circuit Court of Appeals the decision finding the general release covered claims in this action. *See id.* at 2-3, 5-6. Further, the general release was attached as an exhibit to the defendants' motion. *See* Dkt. No. 123-7. The general release was clearly discovered during the course of discovery in this case and/or was a document identified or produced by any other party. Although the defendants did not specifically list this document in their supplemental disclosures, plaintiff was certainly aware of the contents of the general release and that it had been used as a defense to nearly identical claims against other

3

defendants in this action. Plaintiff fails to establish that he was prejudiced by the defendants' failure to list the general release in their supplemental disclosures. Accordingly, plaintiff's objection in this regard is overruled.

Plaintiff also objects on the ground that Judge Baxter "failed to dismiss the defendants' motion for summary judgment" even though there were "deficits" in their memorandum of law that "failed to conform to" NYND Local Rule 7.1(b)(1). This appears to be a re-argument of plaintiff's contention that because defendants' memorandum of law lacked a table of contents and a table of authorities as required by the Local Rules, their entire motion should "not be reviewed by this Court" because the Court "lacks jurisdiction" to consider it. *See* Dkt. No. 140-1, CM/ECF pp. 15-16.[2] The argument is without merit. As the defendants indicated in their reply brief, they amended their memorandum of law to include the required table of contents and table of authorities. *See* Dkt. No. 145. This amendment was with permission of Judge Baxter and over plaintiff's objection to amendment. *See* Dkt. No. 149 (04/25/22 Text Order).[3] Plaintiff has not demonstrated

---

[2]Plaintiff also references the portion of NDNY LR 7.1(b)(1) that requires a movant to provide a pro se litigant with copies of unpublished decisions referenced in the memorandum of law. Plaintiff's objection to the defendants' motion to amend the memorandum of law appears to focus only on its lack of a table of contents and a table of authorities. *See* Dkt. Nos. 147, 148. However, to the extent that plaintiff contends that the lack of a table of authorities would prejudice him because he "would not be able to view the cases in the table of contents [sic]", Dkt. No.147, at CM/ECF p. 1, plaintiff fails to demonstrate that he was prejudiced by such a deficiency in the defendants' papers. The only unpublished decision referenced in the defendants' memorandum of law, *Bess v City of New York*, 2013 WL 1164919 (S.D.N.Y. March 19, 2013), is also referenced in plaintiff's memorandum of law, *see* Dkt. No. 140-1, CM/ECF pp. 4, 5, thus indicating that plaintiff was aware of this decision and consequently suffered no prejudice by the defendants' failure to comply with the requirement that unpublished decisions be provided to pro se litigants.

[3]("TEXT ORDER DENYING 147 148 plaintiff's opposition to the request of 141 defense counsel to file an amended memorandum of law in support of 123 defendant Trinity Food Service Group, Inc.'s summary judgment motion. The amendment sought to add only a very terse table of contents and a table of authorities cited in the text of the brief, pursuant to the requirements of NDNY's Local Rules. Plaintiff is not prejudiced by this pro forma amendment of the defense brief, as the tables of content and authorities do not meaningfully alter the substance of the original brief.").

that he was prejudiced by the defendants' initial memorandum of law, or that Judge Baxter erred by allowing this amendment.  Further, plaintiff has supplied no authority for the proposition that Judge Baxter lacked jurisdiction and thus could not review the motion becasue of the stated deficiencies in the original memorandum of law.  The Court finds that Judge Baxter did not err in allowing amendment of the memorandum of law or in reviewing the defendants' motion for summary judgment.  Accordingly, plaintiff's objection in this regard is overruled

Plaintiff's objections addressed to whether the general release can be applied to the claims against the remaining defendants are simply attempts to reargue issues addressed and resolved by Judge Baxter.  The Court has reviewed these issues de novo, and agrees with Judge Baxter's analysis and conclusions as stated in the Report-Recommendation at pages 9 to 18.  *See* Rep. Rec. at 9-18.  Accordingly, plaintiff's objections in these regards are overruled.

Plaintiff also files objections attempting to reargue the substantive merits of the Fourteenth Amendment claims against the remaining defendants. The Court has reviewed these issues de novo and agrees with Judge Baxter's analysis and conclusions as stated in the Report-Recommendation at pages 18 to 27. *See* Rep. Rec. at 18-27.  Accordingly, plaintiff's objections in these regards are overruled.

## IV. CONCLUSION

After reviewing plaintiff's objections and conducting a de novo review of the issues raised by the objections, the Court **ACCEPTS** and **ADOPTS** Judge Baxter's August 26, 2022 Report-Recommendation (Dkt. No. 154) for the reasons stated therein and for the

reasons discussed above. Therefore, it is hereby

**ORDERED** that defendants' motion for summary judgment (Dkt. No. 123) is **GRANTED**, and the amended complaint is **DISMISSED IN ITS ENTIRETY** as against the remaining defendants **TRINITY** and **SOWERS**.

The Clerk of the Court may close the file in this matter.

**IT IS SO ORDERED.**

Dated: October 3, 2022

Thomas J. McAvoy
Senior, U.S. District Judge